**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LAUREN CIRAN,

Plaintiff,

v. CASE NO.:

INTELLIKID SYSTEMS LLC,

Defendant.
_________________________________/

## FLSA COMPLAINT FOR OVERTIME WAGES

Plaintiff, LAUREN CIRAN, ("Plaintiff") herein sues Defendant INTELLIKID SYSTEMS LLC ("IntelliKid" or "Defendant"), pursuant to 29 U.S.C. § 201 *et seq*. of the Fair Labor Standards Act (the "FLSA") and states as follows:

## RECITATION OF FACTS

1. Plaintiff performed work for Defendant and was misclassified as an independent contractor.

2. Defendant has engaged in a willful scheme to avoid its pay obligations under the FLSA in order to save thousands of dollars in labor costs and increase profits.

3. To avoid its obligations under the FLSA, Defendant willfully

misclassified Plaintiff as an independent contractor. As a result of this misclassification, Defendant did not fully compensate Plaintiff for hours worked over 40 in all work weeks.

4. The Parties did not enter into an independent contractor agreement.

5. Defendant directed and controlled the work of Plaintiff, set her compensation, set her schedule, and dictated all conditions of work, such that she was, in fact and reality, an employee of Defendant.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a federal question pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

8. Plaintiff worked for Defendant remotely from her home located in Hillsborough County, Florida. Plaintiff's owed overtime compensation stem from her work performed in Hillsborough County, Florida.

9. Defendant is subject to personal jurisdiction in this action pursuant to Florida's long arm statute, Fla. Stat. Ann. § 48.193 as Defendant has caused injury to a person in Florida while engaging in solicitations or service activities within Florida. Moreover, Defendant's actions of hiring a Florida resident demonstrates a

purpose to avail themselves of the Florida employment market. Additionally, Defendant had clients within this District, and at a minimum, one in Charlotte County, Florida.

10. Venue is proper to this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred within this District.

11. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, as Defendant was an employer engaged in interstate commerce under the definition of the FLSA. At all relevant times, Defendant engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA § 203 as a common business enterprise. Additionally, Defendant employed more than two employees and earned more than $500,000 in revenue during the previous three years as well.

## PARTIES

**Plaintiff**

12. Plaintiff is currently a resident of and domiciled in Hillsborough County, Florida.

13. Plaintiff worked for Defendant remotely from her home in Hillsborough County, Florida.

14. Plaintiff was compensated by Defendant on a salary basis.

15. At all times relevant to this action, Plaintiff was, in reality, an employee of Defendant and the work and relationship between the Parties fails to meet the definition of an independent contractor under the FLSA.

16. Throughout the period of time Plaintiff performed work on behalf of Defendant, she routinely worked in excess of 40 hours per week.

17. Despite the economic reality of the relationship, Defendant willfully failed to pay Plaintiff her full overtime compensation for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

**Defendant**

18. Defendant, Intellikid Systems LLC, is a Nevada Domestic Limited Liability Company with a principal office located at 11700 West Charleston Blvd., 170-654 Las Vegas, NV 89135.

19. Defendant Intellikid Systems LLC may be served through its designated registered agent, Jared Hall at 61 Princeville Lane, Las Vegas, NV, 89113.

20. Defendant Intellikid Systems LLC is a SaaS company offering lead management, digital document, and recruitment management services specifically geared toward child care centers.

## STATEMENT OF GENERAL FACTS

21. Plaintiff worked for Defendant from August 21, 2023 to July 31, 2026.

22. Plaintiff worked under the title of Success Engineer until this was changed to Account Manager in September 2025. Despite this title change, Plaintiff's job duties did not change.

23. During this time, Defendant misclassified Plaintiff as an independent contractor.

24. Plaintiff regularly worked in excess of forty (40) hours within a work week without the full payment of her rightful overtime compensation.

25. Defendant set Plaintiff's schedule as Monday through Friday, 8 am to 5 pm. There was no set lunch break, but the expectation was made clear to Plaintiff that she was not to take more than a 30 minute break in any day.

26. Plaintiff regularly worked the above set schedule.

27. In the first year and one half of her work, Defendant required Plaintiff to be on-call over the weekend and for every other weekend.

28. Defendant knew or should have known that Plaintiff should have been properly classified as an employee, not an independent contractor, because:

a. Plaintiff and Defendant did not enter into an independent contractor agreement;

b. Defendant set Plaintiff's schedule and dictated when Plaintiff would work;

c. Defendant paid Plaintiff directly and not to a company owned or

controlled by Plaintiff;

d. Defendant provided to Plaintiff the equipment necessary for Plaintiff to perform work for Defendant, such as a laptop (which Plaintiff returned upon resignation) and the other SaaS or computer applications Plaintiff used to perform her job duties such as Defendant's own IntelliKid System, Google Account, Zoom, Slack, ClickUp, Intercom, a company phone number, Chat GPT, Claude, and OnRamp;

e. Plaintiff's work performance was closely monitored, controlled, and supervised by Defendant;

f. There was no agreement between Plaintiff and Defendant that Plaintiff's work for Defendant was for a finite or defined period of time;

g. Plaintiff was required to request time off from work in advance from Defendant;

h. Any and every time Plaintiff took a 30 minute break within a day, she was required to inform her immediate supervisor when she was taking this break;

i. Plaintiff could not delegate her work to other persons or hire her own contractors or employees to complete the work Defendant assigned to Plaintiff;

j. During the period Plaintiff worked for Defendant, Defendant was Plaintiff's primary source of income;

k. During the period Plaintiff worked for Defendant, Plaintiff's work for Defendant was regular and continuous and was not sporadic;

l. Defendant provided training to Plaintiff as to how Plaintiff was to perform her work duties for Defendant;

m. Plaintiff was not free to decide which jobs or assignments from Defendant she could accept or decline; and

n. Plaintiff was required to attend regularly scheduled company and team meetings.

29. Plaintiff was not exempt from overtime under any white-collar exemptions to the FLSA.

30. Moreover, Plaintiff had no discretion or authority to hire, fire, or discipline any other employees, nor was she involved with any decisions on hiring or interviewing new employee candidates, or firing, disciplining, or setting the schedules of and compensation rates of any employees.

31. Furthermore, Plaintiff did not supervise two or more full-time employees and thus fails any application of the executive exemption.

32. Plaintiff's position lacked any authority or discretion to make decisions which could bind the company or provided her the independent discretion

and judgment to make decisions or to create, modify or institute company policies and thus, her position or job cannot satisfy or meet the elements of the administrative exemption.

33. Plaintiff's job duties included providing customer service to Defendant's clients by following standard operating procedures created by Defendant.

34. Plaintiff should have been compensated for those hours worked in excess of forty (40) hours per week at a rate of one and half times her hourly rate, as required by the FLSA.

35. From the commencement of Plaintiff's tenure, Defendant failed to pay Plaintiff her full overtime compensation for hours worked over 40 in all workweeks as mandated under the FLSA.

36. Defendant knew that Plaintiff performed overtime work without proper compensation and Defendant chose to deny Plaintiff her full overtime compensation for performing this work in willful disregard of her rights under the FLSA.

## COUNT I

## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully stated herein.

38. Defendant paid Plaintiff a salary.

39. Plaintiff was hired by Defendant under the label of an independent contractor.

40. Despite the label of independent contractor, Plaintiff, in reality, was an employee of the Defendant in that she was economically dependent on Defendant for work.

41. Plaintiff could not set her own work schedules and come and go as she pleased with regard to the work schedules, and any time off from work required approval by Defendant.

42. Taking all the facts involved as stated above, Plaintiff failed to meet the definition of an independent contractor.

43. Plaintiff was routinely required to work more than 40 hours a week throughout the term of her work for Defendant, and likewise, Defendant knew she was working more than 40 hours during the workweeks.

44. Defendant had an obligation to compensate Plaintiff in an amount of one and one-half times the regular rate of pay for every hour worked over 40 hours in any given workweek but willfully chose not to.

45. Defendant did not fully compensate Plaintiff for all the hours worked for Defendant in excess of forty (40) per week as required by § 207 of the FLSA, based on Defendant's misclassification of Plaintiff as an "Independent Contractor."

46. Plaintiff was a victim of a scheme and policy by Defendant to deny her overtime compensation as required by the FLSA.

47. Defendant's failure to pay Plaintiff in accordance with § 207 of the FLSA, was and is, a willful disregard of the overtime wage compensation requirements of the FLSA.

48. Plaintiff has suffered economic damages as a result of Defendant's failure to pay Plaintiff her rightful overtime compensation.

49. Plaintiff seeks unpaid overtime compensation in an amount to be determined at trial, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant and prays this Court grant the following relief:

a. That the Court find and declare Defendant's actions a violation of the overtime compensation provisions of the FLSA;

b. That the Court find and declare Defendant's violations of the FLSA were and are willful;

c. That the Court award to Plaintiff overtime compensation at the lawful and applicable overtime and premium rates of pay, including the value

of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA § 216 and all other related economic losses;

d. That the Court award Plaintiff recovery of her reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216;

e. That the Court issue an order of judgment under 29 U.S.C. § 216 and 217, 28 U.S.C. §§ 2201 and 2202 finding that the Defendant unlawfully and willfully violated the FLSA by failing to pay overtime wages and willfully failed to properly and accurately record all hours worked by Plaintiff; and

f. That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401(k) plans.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Respectfully submitted September 25, 2026 by,

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Florida Bar No.: 0080349
Feldman Legal Group
12610 Race Track Road, Ste. 225
Tampa, FL 33626
Telephone: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com
*Lead Attorney for Plaintiff*